*********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Baddour.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. An employee-employer relationship existed between the parties at all relevant times.
3. Liberty Mutual is the carrier on the risk.
 *********** EXHIBITS
The following exhibits were admitted into evidence:
 (a) Stipulated Exhibit 1: Pre-Trial Agreement
 (b) Stipulated Exhibit 2: Compromise Settlement Agreement
 (c) Stipulated Exhibit 3: Order Approving Compromise Agreement
 (d) Stipulated Exhibit 4: Defendants' Motion to Dismiss
 (e) Stipulated Exhibit 5: Plaintiff's Motion for Penalty
 (f) Stipulated Exhibit 6: Defendants' Objection to Motion for Penalty
 (g) Stipulated Exhibit 7: Plaintiff's Reply to Defendants' Objection
 *********** ISSUES (a) To what additional sums, if any, is Plaintiff entitled under the terms of the parties' Compromise Settlement Agreement?
 (b) Whether Plaintiff is entitled to a ten percent (10%) penalty based upon Defendants' late payment of sums owing under the Compromise Settlement Agreement?
 (c) Whether Defendants' Motion to Dismiss should be granted?
 *********** *Page 3 
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. A compromise settlement agreement between the parties was approved by the Industrial Commission on December 4, 2007. Under the terms of the settlement agreement payment was due from Defendants to Plaintiff on or before December 18, 2007 with the exception of annual payments to be made beginning November 1, 2008 to a separate Medicare set aside account for Plaintiff.
2. Although Defendants have raised questions regarding whether Plaintiff executed and returned certain documents alleged by Defendants to have been needed, Defendants concede that promised revised documents were not timely sent to Plaintiff. There is nothing in the record to indicate that execution of such additional documents by Plaintiff was required in advance of the payments to be made by December 18, 2007 under the compromise settlement agreement.
3. Defendants issued three checks totaling $204,725.00 dated December 18, 2007, but did not place them in the mail until on or after December 19, 2007, as indicated by metered stamps on the mailing envelopes for the three checks. Therefore, Defendants did not make payment until on or after December 19, 2007.
4. There is no credible evidence of any action or inaction on the part of Plaintiff justifiably causing Defendants to delay the mailing of checks for the sums due by December 18, 2007.
5. Defendants failed to timely pay the sum of $249,900.00 as required under the compromise settlement agreement. *Page 4 
6. At pages six through nine of the compromise settlement agreement, a provision is made for the establishment of a Medicare set aside account to be self-administered by Plaintiff. Such provision provides that Defendants would provide seed money in the amount of $5,881.44 for such account. The provisions for the Medicare set aside account further provide that Defendants would deposit $2,843.10 annually, beginning November 1, 2008, to continue future funding of Plaintiff's self-administered Medicare set aside account. These annual amounts were to be payable each year by Defendants not later than November 1 of each year for the balance of Plaintiff's lifetime.
7. Page nine of the compromise settlement agreement provides that claims against Defendants are being settled for a total payment of $249,900.00, inclusive of out-of-pocket expenses in the amount of $239.18, the medical set aside account seed money in the amount of $5,881.44, and attorney's fees of $62,475.00.
8. The compromise settlement agreement on page nine further provides that the sum of $181,304.28 (the sum remaining after deduction of out-of-pocket expenses, the seed money payment to the Medicare set aside account, and attorney's fees) represents payments of weekly compensation for that portion of Plaintiff's disability related to his occupational injury.
9. There is no provision for the deduction of sums to be paid by the Defendants annually to the Medicare set aside account beginning November 1, 2008, whether such payments be made in the form of an annuity purchased by Defendants to provide for such annual payments or paid each year separately by Defendants.
10. Subsequent to December 18, 2007, Defendants paid to or on behalf of Plaintiff sums properly credited against the $249,900.00 called for under the compromise settlement *Page 5 
agreement in the amount of $181,543.56, leaving a difference unpaid in the amount of $45,175.00 that has remained due and payable to Plaintiff.
 ***********
Based on the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. A settlement agreement which has been approved by the Industrial Commission is binding on the parties and it cannot be set aside unless there was an error due to fraud, misrepresentation, undue influence, or mutual mistake. N.C. Gen. Stat. § 97-17.
2. The greater weight of the evidence does not prove there has been error due to fraud, misrepresentation, undue influence, or mutual mistake. Defendants' obligation was to provide separately for annual payments in the amount of $2,843.10 to Plaintiff's self-administered Medicare set aside account and they are not entitled to deduct such, whether in the form of an annuity or otherwise, from the sum of $249,900.00 payable under the compromise settlement agreement. Only the initial seed money of the Medicare set aside account of $5,881.44 was deductible from the $249,900.00 payable under the Agreement. Id.
 3. Plaintiff is entitled to payment by Defendants of $45,175.00 in satisfaction of Defendants' remaining obligations due under the compromise settlement agreement and exclusive of additional Medicare set aside payments which became due on or after November 1, 2008. Id.
4. Defendants made payment to Plaintiff on or after December 19, 2007 when Defendants place the check in the mail.Morrison v. Public Service Co. of North Carolina, Inc.182 N.C.App. 707, 643 S.E.2d 58 (2007). Defendants have not established sufficient *Page 6 
justification for delayed payments to Plaintiff. Plaintiff is entitled to a ten percent (10%) penalty award under N.C. Gen. Stat. § 97-18 for late payment by Defendants of the settlement amount.
 ***********
Based on the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission makes the following award:
 AWARD
1. Defendants' Motion that Plaintiff's claim be dismissed is denied.
2. Defendants shall pay to Plaintiff the sum of $45,175.00, the amount remaining due under the compromise settlement agreement.
3. In addition, and subject to the attorney's fee approved below, Defendants shall pay a ten percent (10%) late payment penalty to Plaintiff in the amount of $24,990.00.
4. A reasonable attorney's fee in the amount of $6,247.50 (twenty-five percent of the penalty awarded in paragraph three) is hereby approved to be deducted from penalty the due Plaintiff and paid directly to Plaintiff's counsel.
5. Defendants shall pay the costs due the Commission.
This the 23rd day of February 2010.
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR *Page 7 
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1